Our second case this morning is number 21-11765 Howard Schleider v. GVDB Operations, LLC at all. Ms. Tomlinson. Good morning may it please the court my name is Teresa Tomlinson and I will be representing today the Defendants Appellants Grand Villa. This of course involves the Public Readiness and Emergency Preparedness Act and the propriety of removal jurisdiction under that Act. This comprehensive federal statute states three times that all claims which use of countermeasures are to be addressed in an exclusive federal cause of action in an exclusive federal special court and through an exclusive federal administrative process. Congress has expressly barred all else leaving no independent state right. Well you said you said a lot there I'm not sure a lot of that is supported by the statutory language. Well your honor I would say that. I mean where where is the exclusive federal let me tell you where I'm coming from. Sure. So you understand the context of my question. If this Act said for example that once the secretary declares this type of an emergency until the secretary rescinds the emergency all claims for federal all claims for injury right are preempted or that there's immunity that's a different sort of ballgame but that's not what this Act decrees right this Act says that you have your clients and entities in their position have immunities for certain acts taken not all acts but certain acts taken right and then it carves out liability from that exception for willfulness and I'm paraphrasing of course. That's not the sort of scheme you described in your opening statement. Sure I would say your honor it does provide for absolute immunity of the broadest sort arising from relating to and so forth three different types of immunity from suit and liability for all claims arising from the use and administration of counter cover measures. So let's let's talk about a hypothetical. Yes. Before COVID hit and before the secretary issued his declaration her declaration your one of your clients had been told that at a certain facility right that there was a problem with the ceiling and that it needed to be fixed or else there was a chance that it might collapse. Your client didn't take action after the secretary declares the emergency the ceiling collapses and kills one of the residents. Does your client have immunity? Not under the Prep Act your honor. No of course so that's what my point is that it is not full-fledged immunity for everything that happens during a course of a declared emergency. It it's specific to whether or not the liability alleged arises from or is related to some of the countermeasures or decrees ordered by federal law right? All of the covered countermeasures your honor and and I believe that's what I said in my sentence it would be all of the covered countermeasures. It doesn't talk about inaction which is really what the plaintiff's complaint alleges that your client did. Well I would take exception I believe that the plaintiff's complaint does but let me say that the Prep Act actually addresses acts and omissions eight times in the statutory language itself. We know that the complaint does allege actual use in multiple paragraphs it talks about the donning of masks the improper donning of masks the use or the misuse of KN 95 or N95 mask which are covered countermeasures. Counsel it seems to me that that and this dovetails a little bit with what Jordan asked you you bite off a little more than you could chew but that you don't necessarily have to. Under beneficial what is the the question that we ask? Right it's is there an exclusive cause of action? Right is there an exclusive cause of action? Yes sir there is. The question is not what how broad the immunity is the question is not how broad the preemption statute is although I agree with you they're quite broad. The question it seems to me is is there an exclusive cause of action and then second question does this complaint fall within the scope of that exclusive cause of action? Correct. What evidence in the statute is there about A what the cause of action it creates and B why that's exclusive because that seems to be the question beneficial asks us to ask. What the cause of action does it create? Yeah what is the cause of action in the Prep Act? Right it's a administered countermeasures in accordance with HHS and AHJ's. Council I don't know that that that's the cause of action that's there the cause of action it seems to me is under and we're looking at 2247 D-60 at D1. Yes. Which is exception to the immunity. Correct. It says subject to subsection F so subject to sub exceptions the sole exception to the immunity from suit and liability of cover person set forth in A shall be for the exclusive federal cause of action ah key language right again against a covered person to for a death or serious physical injury proximately caused by the willful misconduct by such covered person. Correct your honor that those are the elements of the Prep Act. Correct. That's the that is the cause of action. Yes your honor with a standard of whether Congress intended to create a an exclusive cause of action in D1 of 247 D-60. Well we know we have a covered person because we have the response letter. Not whether this cause of action follows within it we'll get there in a second. Okay. Whether Congress intended by that what I just read you and anywhere else that that is the exclusive cause of action. I'm sorry I would say the express if I'm I may not be following you that that language you just read is the exclusive cause. That's pretty darn good evidence isn't it? Yes your honor. Okay is there any other evidence in the statute? Well I would say it's just it reiterates itself over and over again with defining those terms and laying out the process and subsection E for instance of exactly how this is to proceed. I would say also that it's exclusive federal jurisdiction with a special court. Let's look at that so that's E1. Yes sir. Titled exclusive federal jurisdiction. Yes sir. And it says any action under D meaning that the one I just read you shall be filed and maintained only in so that that cause of action can only be filed in one particular court which is the DC District Court right? Correct a special court under a 2284 which I think is particularly important here because I do believe that adds credibility and strength to the removal and perhaps as an express removal jurisdiction as we're used to under the Price-Anderson Act or something of that nature or the Public Health Service Act which is as an amendment to but clearly says you have to get in the federal court system because there's only one place this can be. So then let's go to the next question which is does this cause of action fall within it? So so Judge Ligo asked you about the action inaction prong and then the other thing is whether this complaint alleges willfulness or not or negligence. Those seem to be the two ways to carve out from what is the exclusive cause of action. So going back to the that we read from D1 is there any indication in that language about the creation of the cause of action that says anything about action or inaction? Is there anything in the cause of action? Right well it draws that distinction between action and inaction. Right when you go down to look at the definition of willful misconduct you will see that it mentions on multiple occasions acts and omissions acts and omissions are also so the cause of action in E3. So the cause of action has also been accepted by the Maglioli Third Circuit case so that's a non-issue I would say. Okay then let's go to the willfulness because your opposing counsel in brief and argued below says and a lot of the cases if you look almost uniformly around the country says we allege negligence not willful conduct and so we're outside of the exclusive cause of action. Right. Why is that not the case here? Right well they actually do allege willful misconduct in multiple paragraphs throughout their complaint 16, 76, 89, 101 and for 114 they actually parrot the language of willful misconduct under subsection C. Let's look at paragraph 16 of the complaint this is a page 5 docket entry 1 1-1 quote alternatively defendants actions were willful misconduct in the form of gross reckless behavior defendants actions were in disregard of a known and highly probable that harm would outweigh any benefit that's the definition of willful misconduct. Yes sir in the statute itself. Right going to count one for example but this is realleged everywhere paragraph 76 quote alternatively GVDB's conduct rose to the level of willful misconduct or gross negligence its conduct was in disregard of a known or obvious risk that is so great as to make it highly probable that the harm it caused outweighed any actions it took. Right. Yes. Were those allegations in any of the complaints in any of the district court cases where the district court found that the complaints were outside of the the exclusive cause of action? I do not know that that expressed language is in the complaints but I can tell you there were allegations in the complaint of wanton conduct and things of that nature. In the Third Circuit case the Maglioli one whether any allegations of willful misconduct? I believe there was an argument which of course was rejected by the Third Circuit that there was indeed willful misconduct language in there and I believe there might have been an abuse claim or something that that would have some sort of a intent element or evidence involved that was the argument of the council. So yes and I would say your honor too I understand that this case does have a couple of components. One they actually allege willful misconduct parroting the language of the statute throughout the entirety of their four counts and they also have filed with the CCPF the PREP Act administrative process which I think concedes that this case actually falls under the PREP Act for the use and administration of covered countermeasures. I would say too to the extent that they're attempting to allege negligence claims that under the of an immunity preemption an exclusive cause of action and exclusive federal court can a lesser standard of liability be allowed to escape the grasp of what is a clear intent to have these cases funneled into the DDC for uniform national security assessment. Counsel I'm not sure I agree with that last point but I do want to hear from your opposing counsel. Thank you. Mr. Stryker. So counsel before you begin before your time goes the three things that I want you to address and I'm only speaking for myself are sweep away the language of the immunity and the preemption statute which I think blind us a little bit and focus on is the cause of action that is created in D1 an exclusive cause of action number one. Number two if so does the willfulness in the that's defined in that cause of action include omissions as defined in the act and three does your complaint allege both actions and does your complaint allege willful misconduct. Those are the three things I think that I'm the three big questions I have. Thank you. Good morning. May it please the court. I'm Grace Stryker on behalf of the plaintiff appellees Howard Schleider and Felice Venerov and I will start in the manner that you've asked. The the PREP Act does create an exclusive cause of action for willfulness conduct but that doesn't mean it's a complete preemption statute altogether and that's what the Saldana court found. So not only do you have to have an exclusive cause of action but you also have to have an intent from the legislature to completely displace an entire area of law. So here the willfulness conduct cause of action only displaces a small subset of the type of actions that could be brought under the PREP Act. Do you I tend to agree with most of what you said. Do you agree that if if your cause of action and that's where we get to the second and third questions if your cause of action fell within that that that would be that would fall within the removal jurisdiction as a completely preempted cause of action. That's a big if I'm asking you to assume. I might have missed something but if two things if if you followed the Maglioli court and said the fact that this. I'm asking you I know what the Maglioli. No I would I would say go with the what the Saldana court has held because I think that reasoning is more that an exclusive cause of crack cause of action created for them that that doesn't demonstrate the intent by the legislature to to completely preempt that whole area of law. Well I agree but those are two different things field preemption or or a statute of the kind that Judge Jordan first asked about which is every claim that that is here like essentially the Price-Anderson Act. You know if you have a state claim that falls with a nuclear regulation it's coming to clear. But in beneficial Congress said there are two ways to do this. One is the Price-Anderson way and the other way is to create an exclusive cause of action that Congress intends to be exclusively federal. Right that isn't that what beneficial essentially says? Yeah thanks we're recording this so I got to get the yeses. You know you've done depositions. So so the question for us is is this an exclusive cause of action? I think I hear you saying that you agree that at least it is a narrow as is a small exclusive cause of action. Yes I mean it expressly says it is it's narrow but again we don't think that that leads to it being a complete preemption statute and and then we also don't think. I'm having trouble following that. If Congress intended to create an exclusive cause of action think of think of the beneficial case the National Bank Act. It didn't say anything related to a national bank is is preempted that would be huge. All it claims against the National Bank are preempted because that's what section 86 and 85 said and and so the question here is does D1 subsection D's subsection 1 which creates a cause of action for willful misconduct that caused a serious injury by a covered person does that create is that cause of action completely preempted to Congress intend that? Yes that cause of action. Okay so we we agree on that. So then the next question is does that does the willful misconduct include omissions? So the willful misconduct segment of the statute does say omissions and in our brief when I wrote that that omissions are not included that was because the rest of the statute doesn't reference omissions all of those eight references to omissions are only within the willful misconduct section but I think I think maybe focusing on the word omissions isn't quite the way to go because really what we're looking for is the causal connection between the countermeasure and and the injury so you could have an omission that leads to a covered injury and you could have an omission that doesn't and I'll give a hypothetical. There's go ahead but there's no doubt that that's true. Okay. So because that gets to the third question is whether this cause of action falls within that so you're right it's narrow it has to be related to a counter a countermeasure that's where covered person comes in because covered person is only someone who uses countermeasures right exactly right so so the ceiling example that Judge Jordan gave you that clearly wouldn't fall within it even if it is an exclusive cause of action. May I ask a question Judge Luck? But the countermeasure can you define or does the statute define countermeasure? It does and they are drugs biological devices. Because I understand like for example and I'll give a hypothetical I understand if the countermeasure of giving a vaccine and something happens with the vaccine let's say you decided to do the J&J vaccine before it became the vaccine not to use and there were issues and as a result of the vaccine patients died. I think that would be you would agree that that would be covered under the PREP Act. Right correct. Correct. So the question is whether or not the fact that they did not do countermeasures i.e. wear their masks or do other things that they were supposed to do whether or not that is considered a covered countermeasure. Right and that's really to me I'm speaking for myself personally that to me is really the question. So I think in this case we we can assume that the facility did use covered countermeasures not all PP and masks are covered countermeasures but let's just assume that that they did. Our claims still don't fall under the scope of the PREP Act and I'd like to direct the court to a couple specific statutory provisions that really show why our claims are not covered and one of them is actually in the regulations that enact the covered countermeasures process fund and it's 42 CFR 110.2 D and that says that an injury sustained as the direct result of the covered condition or disease for and not as the direct result of the administration or use of the covered countermeasure is not a covered injury and then in parentheses the regulation has as an example if the covered countermeasure is ineffective in treating or preventing the underlying condition or disease. So this clearly shows our our injury was COVID. The misleder caught COVID and and passed from COVID. Counsel that's for the compensation fund right those are the regulations for getting administrative compensation under the compensation fund correct? Yes which is although that's also a prerequisite to a willful misconduct cause of action. It's a prerequisite to apply it's not a prerequisite to be successful right? I mean well yes yes you have to go through the administrative process if they if they say pound sand then you can sue right? But the point is that these injuries the COVID injuries are outside the scope of the PREP Act because that's the opposite of the type of injury that the statute was designed to protect. The purpose of the statute was to develop the swift use and development and deployment of countermeasures to combat the pandemic and so it's injuries directly related to and caused by the countermeasures that are what the statute wants to protect against. That just seems contrary to the language of the very broad cause of action which frankly it's a good cause of action for you because it it sweeps away duties and a lot of other things. If you're a covered person and I think you would agree that they that that that the defendant is a covered person correct? Yeah okay and if that covered person proximally causes death or serious bodily injury this is a death case so and falls directly within it by a person who was injured you agree you're a person who was injured then if it's willful then you're you get you win right? Except that you show that I don't part of the countermeasure that it's resulting from the countermeasure right? Right and and that leads me into some examples of other statutory provisions that if your if your claim is and I haven't thought this through completely but if your claim meets every other element of the willful misconduct cause of action but the willful misconduct did not relate to a countermeasure you don't come within the exclusive cause of action right? Correct and the the statute shows that you need to have there's more statutory terms that really connect the injury to a cover measure and not not just you know contracting COVID I mean that regulation just says that we can't apply we are not eligible under the fund Are masks covered countermeasures? Some of them are but I mean not everyone that if you look on the countermeasure site there's N95 we agree that's a covered measure yes yes if I don't wear that correctly if I wear it over my mouth but not my nose we all know that you're not supposed to do that you would agree with me and that was part of the allegations assume that's the case that is improper use of a countermeasure that has proximately caused death or serious bodily injury for someone who contracted COVID correct? No your honors respectfully because the use of the mask has not caused the injury if you improperly used a mask that it strangled you and caused you to not be able to breathe properly or the mask was you know made of wrong fibers that were suffocating that would be something eligible under under the PrEP Act because the mask has now caused your injury. Under a proximate cause standard you're saying that not using a properly meaning your nose where you contract COVID that that's not that's not a reasonable that is not a foreseeable result of the improper use of a countermeasure? Yes that's exactly what the regulation says that you know the ineffective use of a countermeasure and the result the resultant injury being COVID is not covered so under the we can't be we cannot be successful under the compensation fund for that the regulation takes that out of. So you're saying instead of if the nursing home strangled the plaintiff with the mask that would be improper use and would be covered? And that would be willful misconduct. Right. Yes. But not not killing someone because you breathed on them that's not it? Well that's not well that's also not a countermeasure there would be no breathing there and the mask. Breathing as a result of improper use of the mask? No then the injury would just be COVID it would not have been the mask the ineffective. But that be considered just negligence as opposed to willful misconduct is that is that what the regs say? Well I think if you yes if you accidentally breathed around somebody I'm not sure that you know as opposed to like strangling someone someone with a mask but in either case it's COVID that's causing your injury there that's not the covered injury. If I if I may pivot to the willful misconduct and explain why why we're not within the willful misconduct it just says as a practical matter the willful misconduct was never raised by the defense until a parenthetical in their opening brief and then this argument was more developed in the reply brief. But down below in the notice of removal they never alleged that we had that we had alleged a willful misconduct claim. Our allegations all sound in negligence just like all these other complaints around the country. And it's my understanding that and your friend on the other table couldn't tell me if I'm wrong but my understanding is below they just really argued that this was a federal question and or they were a federal officer and that's why this case belonged in federal court. No they asserted the PrEP Act but they just did not assert that jurisdiction they did not assert willful misconduct as a basis. Correct. And it makes sense you know we there are three prongs to the willful misconduct definition the intentionally it's a it's an act for omission taken intentionally to achieve a wrongful purpose knowingly without legal or factual justification and in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit. Which is almost exactly the allegations in the complaint right? Well only that third one that is correct that that third allegation isn't in is in there which it sort of mirrors the. You know there's a reason why it's in there right? We both you and I both know the reason that's in there tell us why. Well we would we would assert that it's to tee up a punitive damages or avoid a. It's for punitive damages you know exactly why it's in there and the statute the Florida statute chapter 429 requires that that allegation be in there if you're eligible for a punitive damages which gets you financial discovery which starts that process that's why it has to be in there. Right and and that's and that's why so the Maglioli court specifically rejected that basis as a finding of punitive damages in that case and Maglioli similar to here they alleged the term conduct that was willful wanton etc etc and the Maglioli court said that's not that does not invoke the prep act that does not invoke that willful misconduct cause of action which is a difference a different cause of action than a negligence cause of action. I know that there's been this argument made in the reply brief about the standard of liability but it's more than just a different standard of liability the prep act clearly carved out a cause of action for willful misconduct and put all the other causes of action negligence recklessness gross negligence into the compensation fund and even Florida courts have described the difference in willful or intentional misconduct versus negligence as I'm quoting here not merely a difference in degree but a difference in kind so it negligence complaint throughout the country could essentially be deemed a failed willful misconduct claim which everyone could then file in the DDC and so I can tell you that that and again only speaking for myself I agree with you if this was a pure negligence claim I think your argument would be very strong because it would seem to be to be outside of what was carved out by Congress but you have those allegations in there in the alternative for the purpose of asserting punitive damages which I don't begrudge I understand it so did the Maglioli complaint and and and several other district court cases didn't have the exact same language it had the language you cited that's correct however it also so the Maglioli court highlighted that it did not have the intentionally to achieve a wrongful purpose or the knowing without fact legal or factual justification the third one the disregard of the known and obvious risk is really the one that kind of alludes more to the punitive damages but those other two are important there are three components of that willful misconduct claim we only allege the one so even if we were attempting a willful misconduct claim or attempting to evoke it it would it fails and then of course the if I can say something for you before you wrap up if if someone and I guess it'll be us decides that a pure negligence cause of action would not be knocked out by the PrEP Act and you have alternative allegations of both negligence and willful misconduct then maybe we're talking about regular normal run-of-the-mill preemption as opposed to complete preemption because part of a theory part of your theory would be knocked out but part of your theory would not be knocked out and so you may even if you may ultimately lose on the them to remove. Correct and that I think that's if I'm understanding correctly is where the Saldana court went the Saldana court said whether the claim is preempted by the PrEP Act turns on whether any of the conduct alleged in the complaint fits the statutes definitions for the claim but finding that one claim may be preempted is different than finding the federal statutory scheme is so comprehensive that it entirely supplants state law causes of action so I think that's exactly where the Saldana court came down. Okay, Ms. Stryker, thank you very much. Thank you. We would ask the court to affirm. Thank you. So, Ms. Tomlinson, we didn't get to talk about this at the beginning because we talked so much about preemption but one of the arguments that the Appellees make is that you should not have been able to remove in the first place under the federal officer statute and your brief doesn't really address that head-on. Your brief just says complete preemption were able to remove but you don't take on as I understood your reply brief their contention that to be able to remove as a private individual under the federal officer statute you need to meet certain criteria as developed by the case law. Well, I'm certainly sorry if we did not grab your attention in that regard, Judge Jordan. I would say two things. One, there's two ways through the federal officer removal . . . Did you address that in your brief? Yes, sir. Like head-on, like you said were able to remove? It was . . . It should be pages, oh goodness, twenty something, it's the last maybe eight pages. No, I meant the reply brief because they respond with, you say X, they respond with yes but there's all these sets of requirements that the case law has developed for federal officer removal and so my comments are directed not at your initial brief but at your reply brief and you don't seem to take those head-on. You address them and you address the whole thing about being able to remove and you only mention that there's exclusive federal jurisdiction which gets to the merits of the preemption issue but not to whether or not procedurally you could have removed under the federal officer statute. Certainly. Your Honor, I would first ask that please the court take another look at the reply brief because I thought we addressed it quite strongly in federal officer in a couple of regards. There's two ways to look at the applicability of the federal officer removal under 1442 and that is whether it's within or outside of the PREP Act. I think here we have the PREP Act application because of the access of the PREP fund as I stated I think concedes that the PREP Act is applicable. I think the use of the countermeasures and the affirmative allegations of the complaint certainly state the PREP Act is applicable. Once you have the PREP Act applicable, you start looking at the 1442 elements under the lens that you have this network of authorities having jurisdiction. That makes the Grand Villa a program planner. It makes them a person. It makes them somebody under which the directives of the federal government and the AHJs that are working in tandem with the federal government, they are then basically isolation and quarantine systems of the federal government working in partnership with the state government. Here we also have a circumstance where different than some of the other cases that have looked at the federal officer removal, you have . . .  . . . . . . . . . . The case you cite doesn't talk about the officer removal statute. It talks about 1331 and 1441. Here's where I think the importance may lie, which is that normally speaking, a remand to state court for lack of subject I forget the subsection, is not reviewable on appeal. But a remand when the removal is based on the federal officer statute is appealable. So that point is important. It's not just whether or not the preemption analysis you're correct on or you're not correct on, it's whether you can even get up here. Right. Yes, your honor. And we had that, of course, in our notice of removal and in the brief and I believe also in the reply brief. But whether if you're just talking about the elements, whether we were acting under the color of the federal government activity, providing a role which they themselves could not provide. This is not Watson, where clearly the government doesn't design or manufacture cigarettes. But what the government does do is in instances of national security threats, particularly public health emergencies, they do marshal to stop transmission. They could not have developed congregate living facilities for the nation's most vulnerable persons under this pandemic without working with and utilizing the facilities of long-term care facilities such as Grand Villa. You've answered my question and I didn't want to take you away from your attempted rebuttal. So I'll give you three more minutes to be and I do have some things I just want to make sure that the court knows this decision is so important as I know, you know, this is the home of the CDC for goodness sake. The 11th circuit has to get this right because God forbid there may be another national public health challenge and people need to know where they stand on this council. I will tell you that the part that I really need your rebuttal on that I want to hear about is and it's not really fleshed out very much in the briefing is something that came up here regarding what I'll call the proximate cause standard, the causation standard. Your opposing counsel says that even accepting willful conduct that's alleged, even accepting omissions, even accepting its exclusive cause of action, so that gets rid of a lot of the stuff that was argued in the brief, even accepting all that. Use of a mask, which is largely what this is about, donning equipment and PPE and use of a mask inappropriately, which then leads someone to contract COVID is not the proximate cause that the statute is talking about as reflected in the regulation that she cited. I think I have it right 42 CFR 110.2 D I think is what I wrote down. Yeah and you were correct your honor in noting that that is the regulation related to the process fund. I would direct you to B5, which is a so there's a rebuttable causation that any countermeasure used is deemed to be a countermeasure used to prevent the transmission of COVID. And so that of course is a huge help to a plaintiff that properly follows the process that Congress has set out. I do want to address two things, but I want to address the fact that if what opposing counsel says is accurate, that you cannot recover under the fund if, or it's not considered willful misconduct, if someone in the nursing home doesn't wear their mask properly, that that is not something that's considered willful misconduct. Then what you're saying is then an estate or a person who passes away cannot recover. Their estate cannot recover for that death. I would say that they're reading that incorrectly your honor. What that language means when you read it carefully is that for instance, with the most common example of a vaccine, and this would apply to a mask as well, if the vaccine did not work, if you had the vaccine and then you caught COVID and you, God forbid, died from COVID, even though you had the vaccine, that would not be a cause of action. If the mask did not work, if it was being, however, used in optimally, used improperly, things of that nature, then you would have a claim, and that's exactly what they have alleged here. That goes to actually one of the things I wrote down that I think is so critical about the question you asked. What we cannot and what every court that has looked at this has failed to recognize is that this is not just about the utilization of these devices. It is about the management and operation of the facilities utilizing these devices. What we're talking about is COVID infectious disease control policies related to the countermeasures, and that's much broader than any court has given Congress and HHS's declaration credit for, frankly. To get this right, we have to address that head on. That broadens this much more. I would ask your honors to take a look at that and to speak to Judge Luck's question about whether or not any of this was alleged below and so forth related to the willful misconduct standard. In fact, the management and operation of programs and facilities is also parroted in paragraphs 68 and 69 of the plaintiff's complaint. They're more than just trying to get punitive damages under Florida state law here, and they do mention the PrEP Act, though in the negative, trying to escape its grasp. They are clearly foreshadowing that they think that PrEP applies here as is played out when they ultimately file a claim before the administrative procedure. You've gone over your time, so you need to wrap up. Yeah, and I do want to address, Your Honor, Judge Luck, and I'm sure what the panelists No, no, we're not addressing any more stuff. Yeah, okay. Well, I don't I'm giving you a chance to wrap up. And I appreciate that. You've gone beyond the three extra minutes I gave you, so we need to move on to the next case. Yes, Your Honor. Well, I would just say that it's not being blind to what Congress had said to apply the immunity, preemption, as well as the exclusive cause of action in its totality, not omitting or parsing or selecting any phrase in isolation. Give this statute its due that Congress intended, and that is to eliminate independent causes of action at the state court level and to give this the federal treatment that is entitled to please reverse the district court in their remand and order that this case either be dismissed or transferred to the DDC as Congress intended. Thank you. All right. Thank you very much.